UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY, *a/s/o* HYDROJET SERVICES, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. 5:20-cv-3427 |
| SIEMENS CORPORATION, *et al.*, Defendants. | : : : | |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                     December 15, 2021
**United States District Judge**

**I.**      **INTRODUCTION**

On July 13, 2020, Plaintiff Sentry Insurance filed this action in an effort to recover sums paid out to Hydrojet Services. On October 21, 2021, this Court received notice that Sentry settled its claims with the four active Defendants: (1) Siemens Corporation, (2) Flow International Corporation, (3) Current Connections and Mechanical Services, Inc., and (4) Alta Enterprises, Inc.[1] Following the settlement, the only claims remaining in this matter were the Crossclaims brought by each of the four active Defendants against one another. Thereafter, on November 24, 2021, this Court Ordered the four Cross Claimants to provide a status report, indicating the status of their respective Crossclaims and indicating whether they intended to pursue those claims. *See* ECF No. 105. The Order also provided a deadline for the filing of any notice of voluntary dismissal of a Crossclaim. *See id.* Only one Cross Claimant, Alta

---

[1] With respect Defendant Lynch 2, who had failed to enter an appearance in this matter, default judgment was entered on November 23, 2021.

Enterprises, Inc., complied with the Order. *See* ECF No. 106 (Voluntary Dismissal of Alta Crossclaim).

On December 8, 2021, this Court again Ordered the remaining Cross Claimants—Siemens, Flow, and Current—to provide a status report on the status of their Crossclaim or otherwise file a notice of voluntary dismissal. *See* ECF No. 107. These remaining Cross Claimants were cautioned in this Order that failure to respond may result in dismissal of their Crossclaims. *See id.* No response was received from Siemens, Flow, or Current. After balancing of the *Poulis*[2] factors set forth below, the Crossclaims of Siemens, Flow, and Current are dismissed.

## II. LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

---

[2] *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

### III. ANALYSIS

The first *Poulis* factor weighs neutrally because there is no indication of whether counsel or the Cross Claimants themselves are responsible for the failure to meet this Court's deadlines.

The second factor weighs in favor of dismissal because the failure of the Cross Claimants to litigate the only remaining claims in this matter frustrates and delays the resolution of this case. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").

As to the third factor, the remaining Cross Claimants have engaged in repeated delay since settlement of Sentry's claims. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). This Court was notified of the settlement of Sentry's claims with Defendants on October 21, 2021. Since that time, Siemens, Flow, and Current have failed to comply with two Orders of this Court requesting status reports on the subject Crossclaims.

Regarding the fourth factor, because this Court has no explanation for the Cross Claimants' dilatoriness, it is unable to determine whether the conduct is in bad faith. This factor is therefore neutral.

The fifth factor, the availability of alternative sanctions, weighs in favor of dismissal. Other sanctions, including monetary sanctions, are not an appropriate alternative to dismissal under these circumstances. Despite multiple opportunities and two Orders of this Court, Cross

Claimants have indicated no intent to pursue their claims. Moreover, Cross Claimants have already reached a settlement on Sentry's claims. Accordingly, monetary sanctions would be ineffective.

The final factor, the merit of the claims at issue, weighs neutrally. Each Cross Claimant generally asserts that the Cross Defendants in this matter are solely liable for any damages alleged. In response, each Cross Defendant generally denies its liability. Discovery has not yet begun on these claims. Accordingly, there is no way of adjudicating the merits of these broad, exculpatory claims at this time. Therefore, this factor is weighed neutrally.

## IV.     CONCLUSION

After weighing all the *Poulis* factors, this Court dismisses the Crossclaims of Siemens, Flow, and Current. With no claims remaining in this action, the matter is now closed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge